JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
BRIAN M. DONOVAN
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JORDAN JAMES BAKER and ALLISON WALKER BAKER; McCAIN FOODS, USA, INC., an Illinois corporation; CHS, INC., a Minnesota corporation, | |
| Defendants. | |

The United States of America, on behalf of the Farm Service Agency, United

States Department of Agriculture ("FSA"), alleges as follows:

## I. JURISDICTION AND VENUE

1.      This action is brought to collect an indebtedness owed to the United

States of America.  Jurisdiction is proper pursuant to 28 U.S.C. § 1345.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2)

because this is the judicial district in which the Defendants reside and the property that

is the subject of this action in situated in this judicial district.

## II. FACTS

3.      On or about June 12, 2015, Defendants Jordan James Baker and Allison

Walker Baker (hereinafter collectively referred to as "the Bakers"), husband and wife,

COMPLAINT  - 1

executed and delivered to FSA a promissory note in the amount of $300,000.00. A copy of this note is attached as Exhibit A.

4.     To secure the promissory note described in paragraph 3, the Bakers executed a security agreement dated June 15, 2015, granting FSA an interest in all crops and certain equipment. A copy of this security agreement is attached as Exhibit B.

5.     The interests created by the security agreement described in paragraph 4 were perfected by FSA filing a financing statement with the Washington State Department of Licensing on April 20, 2011, as File No. 2011-110-9342-8; an amendment adding Allison Walker Baker as an additional debtor on May 1, 2014, as File No. 2014-121-1735-9; and a continuation statement filed February 4, 2016 as File No. 2019-035-6021-6. Copies of this financing statement, amendment statement, and continuation statement are attached as Exhibits C, D, and E.

6.     By operation of its financing statements and promissory note, FSA has a perfected security interest in all crops grown by the Bakers and the proceeds of such crops.

7.     FSA has reason to believe that Defendant McCain Foods, USA, Inc. has in its possession crop proceeds in the approximate amount of $173,153.39, representing proceeds of the 2015 potato crop grown by the Bakers. These crop proceeds are subject to FSA's perfected security interest in such crops.

COMPLAINT - 2

8.      FSA has reason to believe that Defendant CHS, Inc. claims a junior lien in the Bakers' 2015 potato crop proceeds, and claims perfection of that interest pursuant to a UCC-1 initially filed October 10, 2014, as File No. 2014-283-8847-7. A copy of this filing is attached as Exhibit F.

9.      The Bakers are delinquent in the payment of their indebtedness to FSA. The promissory note and security agreement described herein are in default and after taking all actions required under applicable regulations, on March 8, 2018, FSA declared the indebtedness to be immediately due and payable.  There is now owing from the Bakers the sum of $158,329.07, consisting of $149,509.62 principal, $8,819.45 interest accrued through September 14, 2018, plus interest accruing thereafter at the daily rate of $9.7284. A copy of the certificate of indebtedness is attached as Exhibit G.

10.     The interests of all Defendants are inferior to the interest of FSA.

11.     There is no other action pending to collect on the note or foreclose the interest created by the security agreement executed by the Bakers and given to FSA.

### III.     CAUSES OF ACTION AND RELIEF REQUESTED

WHEREFORE, Plaintiff FSA requests judgment against defendants as follows:

1.      Against Defendants Jordan James Baker and Allison Walker Baker, husband and wife, jointly and severally, and the community composed of them, in the amount of $158,329.07 ($149,509.62 principal, $8,819.45 interest accrued through September 14, 2018); plus interest accruing thereafter at the daily rate of $9.7284 to

COMPLAINT  - 3

the date of judgment; plus interest from the date of judgment at the legal rate until paid in full, for costs of suit, including the filing fee allowed pursuant to 28 USC § 2412(a)(2), and other proper relief.

2.    That the Court determine that FSA has a perfected first lien on the 2015 potato crop proceeds currently held by Defendant McCain Foods, USA, in the approximate amount of $173,153.39; and that Defendant McCain Foods, USA shall pay such proceeds immediately to FSA.

3.    That if there are any 2015 crop proceeds remaining after FSA is paid in full, that this Court determine who is entitled to such proceeds.

4.    Directing that if any deficiency remains after application of the proceeds of such crop proceeds held by Defendant McCain Foods, USA, that execution may be issued for such deficiency against the Defendants Jordan James Baker and Allison Walker Baker, husband and wife, both individually and the community composed of them, and enforced against any other property subject to execution.

5.    Decreeing that the Defendants Jordan James Baker and Allison Walker Baker, and all persons claiming by, through or under them be forever barred and foreclosed from asserting any title or interest in the crops and any proceeds held by Defendants.

//

//

COMPLAINT  - 4

6.     Giving such other and further relief as the court may deem just and equitable.

DATED this 24th day of September, 2018.


Joseph H. Harrington
United States Attorney

*s/Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

COMPLAINT  - 5

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-05-12) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>Jordan J and Allison W Baker | 2. State<br>Washington | 3. County<br>Grant |
|---|---|---|

| 4. Case Number<br>Redacted  8150 | 5. Fund Code<br>44 | 6. Loan Number<br>06 | 7. Date<br>06/12/2015 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br>209-OL-BF-Reg-1 YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☐ Rescheduling ☐ Debt write down

☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its

assigns, at its office in *(a)*  2145 Basin St SW Ste A  Ephrata, WA                    or at such other place as the Government may later

designate in writing, the principal sum of *(b)*  Three hundred thousand and no/100------------------------------

---------------------------  dollars *(c)* ($  300,000.00                    , plus interest on

the unpaid principal balance at the **RATE** of *(d)*  Two and three-eighths

percent *(e)*  2.375     %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  two

installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 59,000.00 | 12-31-2015 | $ 251,688.00 | 12-31-2016 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  n/a           thereafter on the *(e)*  n/a            of each *(f)* n/a            until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   one and one-half     years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial  JB AB      Date  6-12-15

Exhibit A - 6

FSA-2026 (12-05-12)                                                                                           Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_____
Jordan J Baker


_____
Allison W Baker



353 State Hwy 17 S
Moses Lake, WA  98837

| NOTE: | The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE. |

Exhibit A - 7

**FSA-2026** (12-05-12)                                                                 Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  JC  AB     Date  6-12-15

Exhibit A - 8

**This form is available electronically.**

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Paperwork Reduction Act Statements).*

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (11-12-14) | Farm Service Agency | |

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** *dated (a)* ___June 12___ , **2015** , is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) **JORDAN JAMES BAKER, ALLISON WALKER BAKER**

(Debtor), whose mailing address is (c) 353 STATE HIGHWAY 17 S, MOSES LAKE, WA 98837-9711

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _JBAB_ Date _6/12/15_

Exhibit B - 9

FSA-2028 (11-12-14)                                                                                                    Page 2 of 7

(b)  All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are
     planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)*
     within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security
     Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to
     be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and<br>Direction from Named Town or<br>Other Description |
|---|---|---|---|
| Green Grass LLC | 73 | GRANT, WA | Grant County |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all
payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas
existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived
from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial ⌒JBAD   Date  6/12/15

Exhibit B- 10

**FSA-2028** (11-12-14)

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* _____Washington_____

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Pickup truck | Dodge Ram | 3500 diesel | Good | 2007 | need title in 2015 |
| 2 | 1 | Polaris Snowmobile | Polaris | RMK 800 | Exc | 2012 | no titles |
| 3 | 1 | Motorcycle | Honda | 450 | Good | 2004 | 224576A |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _____ Date _____

**FSA-2028** (11-12-14)

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*

Washington

| (2) Line No. | (3) Quantity | (4) Kind-Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

Initial _JBAB_ Date _6/12/15_

Exhibit B- 12

**FSA-2028** (11-12-14)

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

Crops, livestock, supplies, farm products, and farm and other equipment and those to be acquired in the future. All accounts, general intangibles, including, but not limited to, all debtor's rights derived from debtor's participation in an agriculture cooperative (such as co-op retains, equities and revolving funds) and all debtor's rights to payments derived from present or future government farm programs, contracts, or subsidies.

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.


Initial _____ Date _____

Exhibit B- 13

FSA-2028 (11-12-14)

## 4. IT IS FURTHER AGREED THAT:

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

    (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

    (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

    (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial _JWB_ Date _6 | 12 | 15_

**FSA-2028** (11-12-14)                                                                                                                                Page 7 of 7

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

(m) Debtor(s) acknowledge(s) that Secured Party loaned money to me/us to purchase items of collateral that serve as security for my/our loan, thereby, giving Secured Party a Purchase Money Security Interest in those items of collateral listed in Part 2. (c) or (d) with an asterisk*.

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____        6B. *(Date)* _____
JORDAN JAMES BAKER

_____              *(Date)* _____
ALLISON WALKER BAKER

---

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).*

*If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.*

Exhibit B- 15

■■■■■■■
■■■■■■■
■■■■■■■
■■■■■■■

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Libby Anderson 5097542463

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Libby Anderson 5097542463
FSA
2145 Basin St SW STE A
Ephrata   WA 98823

Date of Filing : 04/20/2011
Time of Filing : 02:24:00 PM
File Number  : 2011-110-9342-8
Lapse Date   : 04/20/2021

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

| | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Baker | Jordan | James | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 505 Rd M SE | Moses Lake | WA | 98837 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
United States of America acting trhough FSA

| | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2145 Basin St SW STE A | Ephrata | WA | 98823 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Crops, livestock, supplies, other farm products, and farm and other equipment and those to be acquired in the future.  All accounts, general intangibles, including, but not limited to, all debtor's rights derived from debtor's participation in an agriculture cooperative (such as co-op retains, equities and revolving funds) and all debtor's rights to payments derived from present or future government farm programs, contracts, or subsidies.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.      Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]     [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
F1NE

Exhibit C

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>**Sarles Kristine 5097542463** | **Date of Filing : 05/01/2014**<br>**Time of Filing : 04:39:00 PM** |
| B. E-MAIL CONTACT AT FILER (optional)<br>**kristine.sarles@wa.usda.gov** | **File Number : 2014-121-1735-9**<br>**Lapse Date : 04/20/2021** |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address)<br><br>**Sarles Kristine 5097542463**<br>**USDA/FSA**<br>**2145 Basin St. SW Ste A**<br>**Ephrata WA 98823** | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER<br>**2011-110-9342-8** | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]<br>(or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☑ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☑ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
- ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
- ☑ ADD name: Complete item 7a or 7b, and item 7c
- ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME<br>**Baker** | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME<br>**Allison** | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)<br>**Walker** | | | SUFFIX |

| 7c. MAILING ADDRESS<br>**505 RD M SE** | CITY<br>**Moses Lake** | STATE<br>**WA** | POSTAL CODE<br>**98837** | COUNTRY<br>**USA** |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☑ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME<br>**United States of America acting through USDA** | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

Exhibit D

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>**Rosalia Alvizar 5097542463** | **Date of Filing : 02/04/2016** |
| B. E-MAIL CONTACT AT FILER (optional)<br>**rosa.alvizar@wa.usda.gov** | **Time of Filing : 02:04:00 PM** |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address)<br><br>⌐ Rosalia Alvizar 5097542463<br>Farm Service Agency<br>2145 Basin St SW STE A<br>⌐ Ephrata  WA 98823 ⌐ | **File Number    : 2016-035-6021-6**<br>**Lapse Date    : 04/20/2021** |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| | |
|---|---|
| 1a. INITIAL FINANCING STATEMENT FILE NUMBER<br>**2011-110-9342-8** | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check *one* of these two boxes:  **AND**  Check *one* of these three boxes to:

This Change affects ☐ Debtor *or* ☐ Secured Party of record

☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only *one* name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION:  Complete for Assignment or Party Information Change - provide only *one* name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:** Also check *one* of these four boxes: ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only *one* name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME<br>**United States of America, acting through the United States Department of Agriculture** | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

Exhibit E 18

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| Terry Pyle 509 787-3511 |

B. E-MAIL CONTACT AT FILER (optional)
terry.pyle@chsinc.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Terry Pyle 509 787-3511
CHS, INC
PO Box 608
Quincy WA USA 98848

Date of Filing : 10/10/2014
Time of Filing : 10:01:00 AM
File Number : 2014-283-8847-7
Lapse Date : 10/10/2019

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Baker | Leon | Robert | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 10113 Harris Rd NE | Moses Lake | WA | 98837 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Baker | James | Leon | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 10113 Harris Rd NE | Moses Lake | WA | 98837 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| CHS, INC | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| PO Box 608 | Quincy | WA | 98848 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

All 2015 farm products, as defined in RCW62A.9-102(34) and the proceeds therefrom, grown in Grant, Adams and/or Franklin County, State of Washington beginning 9/1/13 for: Fertilizer, Chemicals, Seed, Petroleum, Mixing, Application and Related Farm Supplies, Products and Services.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☑ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
PAGE 1 OF 2

International Association of Commercial Administrators (IACA)
2014-283-8847-7

Exhibit F- 19

## UCC FINANCING STATEMENT ADDITIONAL PARTY

FOLLOW INSTRUCTIONS

| 18. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor did not fit, check here ☐ |
|---|

| 18a. ORGANIZATION'S NAME | |
|---|---|

**Date of Filing** : 10/10/2014
**Time of Filing** : 10:01:00 AM
**File Number** : 2014-283-8847-7
**Lapse Date** : 10/10/2019

OR

| 18b. INDIVIDUAL'S SURNAME | |
|---|---|
| **Baker** | |
| FIRST PERSONAL NAME | |
| **Leon** | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| **Robert,** | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

19. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (19a or 19b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 19a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 19b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| **Baker** | **Reid** | **Thurn** | |
| 19c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **505 Rd M SE** | **Moses Lake** | **WA** | **98837** | **USA** |

20. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (20a or 20b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 20a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 20b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| **Baker** | **Jordan** | **James** | |
| 20c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **505 Rd M SE** | **Moses Lake** | **WA** | **98837** | **USA** |

21. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (21a or 21b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 21a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 21b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |
| 21c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

22. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (22a or 22b)

| 22a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 22b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |
| 22c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

23. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (23a or 23b)

| 23a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 23b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |
| 23c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

24. MISCELLANEOUS:

Exhibit F- 20

## FARM SERVICE AGENCY
## SPOKANE, WASHINGTON

### CERTIFICATE OF INDEBTEDNESS

Debtor's Names and Addresses:

Jordan J. Baker                    Allison W. Baker
505 Road M SE                      505 Road M SE
Moses Lake, WA 98837               Moses Lake, WA 98837

Total debt due United States as of April 10, 2018 is $156,801.72.

I certify the Farm Service Agency (FSA) records show the debtors named above are indebted to the United States in the amount stated above, plus interest on the principal balance of $149,509.62 from April 10, 2018 accruing at the rate of $9.7284 per day.

The claim arose in connection with an Operating Loans (OL) made by the Farm Service Agency. The FSA loan was accelerated March 8, 2018.

**CERTIFICATION:** Pursuant to 28 USC @ 1746, I certify under penalty of perjury that the foregoing is true and correct.

April 10, 2018

Houston Bruck
Farm Loan Program Chief

Exhibit G- 21

| Customer: | BAKER , JORDAN JAMES | Case #: | Redacted 8150 |
|---|---|---|---|

**Total Payoff**

Customer Name : BAKER, JORDAN JAMES
Case Number    : Redacted 8150
Accrual Date    : 04/10/2018

The Total displays the sum of the selected loans.

**Payoff Summary**

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4420-06 | 06/12/2015 | $149,509.62 | $7,292.10 | $9.7284 | $156,801.72 |
| | Date of Last Cash Payment: 11/13/2017 | | | | |
| | Principal Amounts | | Unpaid Principal: | | $149,509.62 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $7,292.10 |
| | | | Accrued Interest Advance: | | $0.00 |
| Total | | $149,509.62 | $7,292.10 | $9.7284 | $156,801.72 |
| | Principal Amounts | | Unpaid Principal: | | $149,509.62 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | Interest Amounts | | Accrued Interest: | | $7,292.10 |
| | | | Accrued Interest Advance: | | $0.00 |

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
Plaintiff

❑ 3  Federal Question
*(U.S. Government Not a Party)*

❑ 2  U.S. Government
Defendant

❑ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1  Original
Proceeding

❑ 2  Removed from
State Court

❑ 3  Remanded from
Appellate Court

❑ 4  Reinstated or
Reopened

❑ 5  Transferred from
Another District
*(specify)*

❑ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.